UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:06-CR-176 |
| | ) | (VARLAN/SHIRLEY) |
| J. WILL ROBINSON, | ) | |
| Defendant. | ) | |

### **MEMORANDUM AND ORDER**

The defendant, J. Will Robinson ("Defendant"), is charged with one count of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1). Defendant filed a motion to suppress [Doc. 18] all evidence obtained as a result of a search of a 2000 Ford Windstar van ("Van") on or about December 9, 2006, on the grounds that the affidavit ("Affidavit") in support of the search warrant ("Warrant") was insufficient to support a finding of probable cause. Following an evidentiary hearing on the motion to suppress on April 5, 2007, and the filing of supplemental briefs, Magistrate Judge C. Clifford Shirley filed a report and recommendation ("R&R") [Doc. 33] in which he recommended that the motion to suppress be denied. This matter is before the Court on Defendant's objections [Doc. 35] to the R&R.

As required by 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the R&R to which Defendant has objected. In doing so, the Court has carefully considered Judge Shirley's R&R, the underlying briefs [Doc. 19, 21, 30, 31], and

the parties' briefs regarding the pending objections [Docs. 35, 37]. For the reasons set forth herein, the Court will overrule Defendant's objections and the motion to suppress will be denied.

I.  **Probable Cause**

Defendant first objects to Judge Shirley's conclusion that the Affidavit established probable cause to believe that contraband or evidence of a crime would be found in the Van. Defendant contends that the Affidavit contains no evidence linking the Van to a crime or contraband, nor does the Affidavit indicate that anyone saw Defendant in the Van, placing any objects in the Van, or taking anything out of the Van. Defendant further contends that the only items associated with the Van are a vest, badge, and a helmet, none of which are illegal. The government disagrees, arguing that the Warrant was supported by probable cause.

As noted in the R&R, the Affidavit indicates that on December 6, 2006, Defendant told Stephen Hodges that Defendant was on the run from the ATF, that Defendant was going to leave the country by shooting his way across the border, and that Mr. Hodges had seen Defendant with a firearm. [Doc. 21, Attachment 2 at p. 2]. The Affidavit goes on to indicate that on December 8, 2006, Mr. Hodges again encountered Defendant and "saw that [Defendant] was driving the [Van]." [*Id*.]. The Affidavit indicates that Mr. Hodges also saw Defendant in possession of a bulletproof vest, a firearm loaded with armor piercing bullets, and two drums for an AR-15 firearm. [*Id*.]. The Affidavit further indicates that Defendant told Mr. Hodges that Defendant had impersonated an ATF agent so that Defendant could

2

purchase weapons from an armory. [*Id.*] The Affidavit next establishes that the affiant observed in plain view in the Van a camouflage vest, a helmet, and a silver badge, and also establishes that Defendant had previously been convicted of a felony. [*Id.*].

Probable cause to search is "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A finding of probable cause "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Id.* at 244 n.13. In other words, probable case is "reasonable grounds for belief supported by less than *prima facie* proof but more than mere suspicion." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). The probable cause analysis is based upon the totality of the circumstances, *Gates*, 462 U.S. at 238, and in reviewing the issuing magistrates the decision the Court examines "the evidence that the issuing magistrate had before him only 'to ensure that [he] ha[d] a substantial basis . . . for concluding that probable cause existed.'" *United States v. Jones*, 159 F.3d 969, 973 (6th Cir. 1998) (citation omitted).

Based upon the Affidavit, the Court finds that the Affidavit does establish probable cause to believe that evidence of a crime might be found in the Van. The Affidavit clearly establishes that Defendant had indicated that he had impersonated an ATF agent, had purchased firearms, and had been observed with firearms, body armor, and ammunition. The Affidavit also established that Defendant had indicated that he was going to shoot his way across the border and that Defendant had been seen driving the van. Given all of this information, and given the fact that Defendant had previously been convicted of a felony, the

totality of the circumstances do establish reasonable grounds to believe that the Van might contain evidence of a crime. Specifically, the Van might contain evidence that Defendant had impersonated an ATF agent, in violation of 18 U.S.C. § 912, or evidence that Defendant was in possession of or had purchased firearms, in violation of 18 U.S.C. § 922. In addition, given that Defendant had been seen driving the Van and given that a silver badge was observed in the Van, it was reasonable to believe that the badge might have been used to assist Defendant in impersonating an ATF agent so that he could purchase weapons, making it even more reasonable to believe that the Van might contain evidence of Defendant's illegal impersonation of an ATF agent. Finally, given the evidence that Defendant was planning on shooting his way across the border, which would also be a crime, it was reasonable to believe that Defendant might be planning on using the Van while shooting his way across the border and that the Van might contain evidence of that crime, or of firearm possession in general. Accordingly, the Court finds that the Warrant was supported by probable cause and that Judge Shirley did not err. Defendant's first objection is **OVERRULED**.

**II.     Good Faith Exception**

Defendant next objects to Judge Shirley's finding that even if the Warrant was not supported by probable cause, the good faith exception to the warrant requirement would still protect the results of the search from suppression. Defendant contends that the good faith exception does not apply in this case because the Affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Leon*, 468 U.S. 897, 923 (1984).

The Court has already found that the Affidavit did establish probable cause. However, even if the Affidavit did not establish probable cause, the Court agrees with Judge Shirley and finds that it would fall under the *Leon* good faith exception. Despite Defendant's contention otherwise, the Affidavit does establish sufficient facts such that a reasonably well trained officer would have no reason to believe that the search was illegal despite the magistrate's approval. *Id.* at 922. n.23. Nor do the facts in this case fall within any of the other circumstances when the good faith exception does not apply. *Id*. at 923. Accordingly, the Court finds that Judge Shirley did not err in finding that the Warrant would fall under the good faith exception even if the Affidavit did not support a finding of probable cause. Defendant's second objection is **OVERRULED**.

### III.  Intentional Bypass

Defendant next objects to Judge Shirley's determination that there was consent to search the Van. Defendant contends that Ms. Givens[1] could not consent to the search because she had relinquished any expectation of privacy in the Van after she allowed Defendant to take the Van from Florida to Tennessee. Defendant contends that Ms. Givens no longer had an expectation of privacy in the Van, because Ms. Givens was approximately 800 miles away from the Van at the time the consent was given. Defendant further argues that the police intentionally bypassed Defendant, which the Eight Circuit has held is unacceptable. *United States v. Elam*, 441 F.3d 601 (8th Cir. 2006).

---

[1]Ms. Givens is Defendant's mother and the registered owner of the Van. [Doc. 21, Attachment 2].

Given that the Court has already ruled that the Affidavit did establish probable cause, the Court need not reach Defendant's intentional bypass argument. However, assuming *arguendo* that the search was not supported by probable cause, the Court again finds that the search still would have been valid, as the search would have fallen under the consent exception to the warrant requirement. It is well settled that "[a]n officer with consent needs neither a warrant nor probable cause to conduct a constitutional search." *United States v. Jenkins*, 92 F.3d 430, 436 (6th Cir. 1996) (citation omitted). "When one person consents to a search of property owned by another, the consent is valid if 'the facts available to the officer at the moment . . . warrant a man of reasonable caution in the belief that the consenting party had authority over the premises.'" *Id.* (citations omitted).

However, the Sixth Circuit has also recognized that law enforcement may not "intentionally bypass a suspect who is present and known by them to possess a superior privacy interest" to obtain consent to search from a third party. *United States v. Jones*, 335 F.3d 527, 530 (6th Cir. 2003) (quoting *United States v. Impink*, 728 F.2d 1228, 1234 (9th Cir. 1984)). In order for the intentional bypass doctrine to apply, though, the bypassed individual must "possess a superior privacy interest." *Id.* Defendant contends that he had a superior privacy interest in the Van than Ms. Givens, but there is no evidence to support that claim.[2]

---

[2] As Judge Shirley noted in his R&R, in his post-hearing brief, Defendant presented argument for the first time that Defendant had purchased the Van from Ms. Givens, but Defendant presented no evidence to support that claim.

As the *Jenkins* court noted, the Sixth Circuit has not established a "*per se* rule barring any absentee owner from challenging a vehicle search."[3] *Id*. at 434. Rather, the examining court must determine whether the absentee owner would have standing, including a determination of whether "the facts of a case indicate [the absentee owner retained] a subjective expectation of privacy." Based upon the evidence of record, the Court finds that Ms. Givens had allowed Defendant to borrow the vehicle and that Defendant and Ms. Givens both possessed common authority over the Van. Since both Defendant and Ms. Givens had common authority over the Van, either one could expect the other to permit an inspection of the Van without the knowledge or permission of the other. *Jenkins*, 92 F.3d at 436. *Id*. Given that the Affidavit establishes that Ms. Given authorized the search, the Court finds that Judge Shirley did not err in ruling that the search would also fall under the consent exception to the warrant requirement. Defendant's final objection is **OVERRULED**.

For the reasons set forth herein, the Court **ACCEPTS IN WHOLE** the Report and Recommendation of Judge Shirley and Defendant's motion to suppress [Doc. 18] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[3]While *Jenkins* deals with the question of whether an absentee owner has standing to challenge a search, it logically follows that if an individual has standing to challenge a search, then the same individual would also necessarily be capable of authorizing a search.